UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

THEOTIS GOODWIN HILDEBRAND                                              PLAINTIFF
ADC #102685

V.                      No. 1:19CV00015-KGB-JTR

G. HOLLAND, Mail Room Clerk,
Grimes Unit, ADC; WENDY KELLY,
Director, Arkansas Department of Correction;
and EARL, Warden, Grimes Unit, ADC                                      DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Theotis Goodwin Hildebrand ("Hildebrand") is a prisoner at the Tucker Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro*

*se* § 1983 Complaint and Amended Complaint alleging that Defendants violated his constitutional rights by mishandling his mail. *Docs. 2 & 5.*[1] Before Hildebrand may proceed with this case, the Court must screen his allegations.[2]

## II. Discussion

Hildebrand alleges that, around December 20, 2018, the Grimes Unit mailroom received an item of his "legal mail" in *Hildebrand v. Kugler,* W.D. Ark. Case No. 1:18cv01058-SOH. According to Hildebrand, Defendant G. Holland ("Holland"), the mailroom clerk, marked the mail "Undeliverable RTS Unable to Forward," and returned the mail to the Western District Court Clerk. On January 9, 2019, Hildebrand received a notification from the Western District Court that the "legal mail" had been returned. *Doc. 5 at 4-9 & 12.* The item that was returned was a copy of a November 7, 2018 Order dismissing his case, without prejudice. *Id. at 12.*

---

[1] The Court has construed Hildebrand's *pro se* Complaint and Amended Complaint, together, as constituting his claims. *See Kiir v. N.D. Pub. Health,* 651 Fed. Appx. 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint); *Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir. 1999) (*pro se* pleadings must be liberally construed).

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Hildebrand wrote a grievance complaining that Holland had improperly rejected his legal mail. She replied: "I don't think we ever received legal mail for you. We make every effort to see that legal mail is delivered and if you got any legal mail it would not have been returned." *Id. at 11*.

In this § 1983 action, Hildebrand alleges that: (1) Holland improperly rejected his legal mail; (2) Defendant Warden Earl ("Earl"), as Holland's supervisor, failed to ensure that all legal mail is "logged in" and "gets to the person and [is] not sent back"; and (3) Defendant ADC Director Wendy Kelly, who is "over all of the wardens of ADC," failed to make sure Earl "d[id] [his] job." *Id. at 4-8*. Hildebrand alleges that his constitutional rights were violated because "tampering with the delivery of mail is a federal offense." *Id. at 6*.

### A.   **Defendant Holland**

At most, Hildebrand's pleadings allege Holland made a one-time mistake in returning a piece of his legal mail. Such an isolated or negligent mishandling of mail does not violate an inmate's constitutional rights. *See Gardner v. Howard,* 109 F.3d 427, 431 (8th Cir. 1997) (holding that an "isolated incident" of interference with an inmate's mail, "without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation"); *Harris v. Bolin*, 950 F.2d 547, 549-50 (8th Cir. 1991) (failure to notify inmate of withheld mail); *Holloway v. Pigman,* 884 F.2d 365, 367

(8th Cir. 1989) ("random" delays and confiscation of mail from inmate's family and friends).

Furthermore, to plead a viable First Amendment access to the courts claim, Hildebrand must allege that he was "actually injured" in regard to a "nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky,* 494 F.3d 677, 680 (8th Cir. 2007) (citing *Christopher v. Harbury,* 536 U.S. 403, 413 (2002)). In this respect, "actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey,* 518 U.S. 343, 355 (1996).

Hildebrand alleges that he was "actually injured" because the mailing contained "time-sensitive" documents. *Doc. 5 at 6.* As explained, the item that was returned was a November 7, 2018 Order dismissing W.D. Ark. Case No. 1:18cv01058-SOH. *Id. at 12.* According to Western District records,[3] the Court dismissed that case, without prejudice, because Hildebrand failed to file an Amended Complaint as directed by an earlier Order, dated September 28, 2018, *which Hildebrand indisputably received. See* W.D. Ark. Case No. 1:18cv01058-SOH, *docs. 7 & 8.* Furthermore, because the dismissal of W.D. Ark. Case No. 1:18cv01058-SOH was *without prejudice*, nothing prevented Hildebrand from

---

[3]Hildebrand submitted a copy of the docket sheet in W.D. Ark. Case No. 1:18cv01058-SOH (*Doc. 5 at 12)*, and the Court accessed other records electronically. *See* www.arwd.uscourts.gov (accessed May 22, 2019).

refiling the lawsuit. In fact, the Western District court records show that, on February 13, 2019, Hildebrand filed a *new § 1983 action* in the Western District that: (1) named the *same* jail officials as defendants as he had named in W.D. Ark. Case No. 1:18cv01058-SOH; and (2) raised the *same* allegations as he had raised in W.D. Ark. Case No. 1:18cv01058-SOH.[4] *See Hildebrand v. Kugler, et al.,* W.D. Ark. Case No. 1:19cv01006-SOH, *doc. 1*. On May 15, 2019, the Court entered an Order allowing those claims to proceed, and the case remains pending in the Western District. *Id., docs. 7 & 9.*

Because Hildebrand can show no injury or prejudice from the delayed notification that W.D. Ark. Case No. 1:18cv01058-SOH had been dismissed, he has failed to state a viable First Amendment claim. Accordingly, the Court recommends that Hildebrand's claim against Holland be dismissed for failure to state a claim.

**B.   Defendants Earl and Kelly**

Finally, because Hildebrand has failed to demonstrate an underlying constitutional violation, his corrective inaction claims against Earl and Kelly fail, as a matter of law. *See Mendoza v. United States Immigration & Customs Enforcement*, 849 F.3d 408, 420 (8th Cir. 2017) (supervisory liability claims "automatically fail

---

[4]In both cases, Hildebrand alleged that: on August 15, 2018, there was a fire over the kitchen area in the Union County Jail; he and other inmates were left in their cells for an hour while smoke poured through the air ducts and vents; and he was denied medical care for breathing problems and "burning" in his chest. *See* W.D. Ark. Case No. 1:18cv01058-SOH, *doc. 1*; W.D. Ark. Case No. 1:19cv01006-SOH, *doc. 1*.

for lack of an underlying constitutional violation"); *Schoettle v. Jefferson County*, 788 F.3d 855, 861-62 (8th Cir. 2015) ("We have long held that neither municipal nor supervisory liability may attach in section 1983 actions unless individual liability is first found on an underlying substantive claim."); *Williams v. Davis*, 200 F.3d 538, 539 (8th Cir. 2000) ("Absent a constitutional violation, there [is] no basis for section 1983 liability on the part of [supervisors].").

Accordingly, the Court recommends that this case be dismissed in its entirety, without prejudice, for failing to state a claim upon which relief may be granted, and that the dismissal count as a "strike" under 28 U.S.C. § 1915(g).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Hildebrand's Complaint and Amended Complaint (*Docs. 2 & 5*) be DISMISSED, WITHOUT PREJUDICE.

2.      The dismissal of this case be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 23rd day of May, 2019.

                                                        _____
                                                        UNITED STATES MAGISTRATE JUDGE